UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DALE RICKY HERMAN #749529,

Plaintiff,

v.

ANTILLA'S TOWING,

Defendant.
_______________________________________/

Case No. 2:26-cv-36

Hon. Paul L. Maloney
U.S. District Judge

**REPORT AND RECOMMENDATION**

## I. Introduction

*Pro se* Plaintiff Dale Ricky Herman filed a civil complaint on February 17, 2026. ECF No. 1. Herman appears to asserts a Fourth Amendment seizure of property claim against Antilla's Towing.

The Court granted Plaintiff leave to proceed *in forma pauperis* on February 20, 2026.

## II. Factual Allegations

In his statement of claim, Herman asserts the following.

> On 8/31/2021, while working at my house located at 207 Nicholas Avenue Palmer, Michigan 49871, William Judkins used my truck, a 2017 Chevrolet Avalanche, to move building materials to a shed located in my yard. While backing the truck up to my storage shed he hit the gas instead of the brake running over Jeffery Rankinen and killing him. I offered the truck to a trooper of the Michigan State Police and they called Antilla's Towing to come take custody of the truck. A few weeks later I called the Michigan State Police Negaunee Post asking about my truck and was told the Marquette County Prosecutor's office was holding it. I called Marquette County Prosecutor's office and was told they are holding my truck until after the trial of William Judkins. For about the next year I called the Michigan State Police, Marquette County Prosecutors, and Antilla's Towing about once a month and was ignored. Around March 2023 I called Antilla's and was told the truck was released and I had to pay something like $3,000 in towing and storage fee's which I did not have at the time. Around September 2023 I called Antilla's again and was told they got a salvage title and crushed my truck.

ECF No. 1, PageID.3.

The undersigned respectfully recommends that the Court dismiss Plaintiff Herman's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failing to state a claim on which relief may be granted.

## III. Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought in forma pauperis if the action is (1) frivolous or malicious; (2) fails to state a claim on

which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "'probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## IV. Analysis

### A. Statute of Limitations

State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261,

268 69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.

Here, Herman's allegations arise between August 31, 2021, and September 2023. ECF No.1, PageID.3. Herman filed his Complaint on February 17, 2026. Thus, claims deriving from conduct prior to February 17, 2023, are barred by the three-year statute of limitations. However, Herman claims harms extending until September 2023, which is within the three-year limitation. Accordingly, at this juncture, the undersigned does not recommend dismissal based on statute of limitations.

**B. Fourth Amendment Claim**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d

at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Where the defendants are not state officials, their conduct will be deemed to constitute state action only if it meets one of three narrow tests. The first is the symbiotic relationship test, or nexus test, in which the inquiry focuses on whether "the State had so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Jackson*, 419 U.S. at 357–58. Second, the state compulsion test describes situations "in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *NBC v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026 (11th Cir. 1988); *accord Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970). Finally, the public function test covers private actors performing functions "traditionally the exclusive prerogative of the State." *Jackson*, 419 U.S. at 353; *accord West*, 487 U.S. at 49–50. *See generally*, *Lugar*, 457 U.S. at 936–39 (discussing three tests).

Here, Herman alleges a trooper with the Michigan State Police called Antilla's Towing to retrieve the truck on August 31, 2021. ECF No. 1, PageID.3. Herman further claims that Antilla's kept the truck for two years and ultimately crushed it when Herman couldn't pay $3,000 in towing and storage fees. *Id.* Herman doesn't

plainly state what his claim is against Antilla's Towing but the undersigned construes his Complaint as a Fourth Amendment seizure of property claim pursuant to § 1983.

Antilla's Towing is a private towing company in Ishpeming, MI, and therefore is not subject to suit under § 1983 "unless certain discrete circumstances transform their private actions into state actions." *Nelson v. Scott*, No. 24-2095, 2025 WL 3846139, at *2 (6th Cir. Oct. 6, 2025), *cert. denied*, 224 L. Ed. 2d 840 (May 18, 2026) (citation omitted). This Circuit has recognized the three tests, explained above, to determine whether private conduct is attributable to state action. *Id.*

In *Nelson v. Scott*, the Sixth Circuit considered a similar fact pattern where plaintiffs alleged that city officials hired two towing companies to tow vehicles from the plaintiffs' residence. There, the Sixth Circuit affirmed dismissal of the towing defendants. The Court applied the following analysis regarding whether the towing company engaged in state action:

> The plaintiffs have not satisfied the public function test because the Towing Defendants did not exercise a power typically reserved to the state, such as elections or eminent domain. *See id.* Nor have the plaintiffs satisfied the state compulsion and nexus tests because their allegations do not support a plausible inference that the City Defendants significantly encouraged or coerced the Towing Defendants or that there was a sufficiently close nexus between the two. *See id.* **The mere fact that the state hired the towing companies to tow the vehicles is insufficient; the plaintiffs "must demonstrate 'pervasive entwinement' between the two entities surpassing that of a mere contractual relationship."** *Partin v. Davis*, 675 F. App'x 575, 587 (6th Cir. 2017) (quoting *McCarthy v. Middle Tenn. Elec. Membership Corp.*, 466 F.3d 399, 412 (6th Cir. 2006)). Although the plaintiffs make conclusory assertions that the Towing Defendants "conspired" and were "inextricably intertwined" with state actors, they did not allege concrete facts in the third amended complaint sufficient to state a claim. *See Moldowan*, 578 F.3d at 395 (requiring that a conspiracy claim be pled with specificity). And they did not show that

> the Towing Defendants are state actors by virtue of their failure to stop a city official from conducting a "citizen's arrest."

*Id.* (emphasis added)

The same analysis applies to Herman's case. Antilla's Towing does not exercise a power typically reserved to the state. Herman asserts that a Michigan state trooper called Antilla's Towing to tow his vehicle, but that is not enough to satisfy the state compulsion and nexus tests. Thus, Herman has failed to plead a § 1983 claim against Antilla Towing – the only named Defendant. Accordingly, the undersigned respectfully recommends that the Court dismiss Herman's Complaint for failure to state a federal claim.

**Recommendation**

For the reasons stated above, pursuant to 28 U.S.C. § 1915(e)(2)(B), the undersigned respectfully recommends that the Court **dismiss** Herman's Complaint because he has failed to plead a valid federal claim.

Dated: July 29, 2026

/s/ Maarten Vermaat
MAARTEN VERMAAT
U. S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).