UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| DALE RICKY HERMAN #749529,<br>Plaintiff,<br><br>v.<br><br>ANTILLA'S TOWING,<br>Defendant. | ) | No. 2:26-cv-36<br><br>Honorable Paul L. Maloney |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter comes before the Court on Magistrate Judge Vermaat's Report and Recommendation (R&R), (ECF No. 7), in which he recommended that Plaintiff's complaint be dismissed for failure to state a claim. Plaintiff, proceeding *in forma pauperis* in this case, objected to the R&R. (ECF No. 8). In the R&R, the Magistrate Judge construed Plaintiff's complaint as attempting to state a constitutional claim against Defendant and concluded that Plaintiff had failed to plead sufficient facts to establish that Defendant, a private company, had taken state action. Plaintiff accepted the Magistrate Judge's framing of his claim against Defendant and only argued that he had pled sufficient facts to establish state action. The R&R will thus be adopted, and Plaintiff's objections will be overruled.

**I.**

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). An "objection does not oblige the district court to ignore the report and recommendation." *Fharmacy Recs. v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012). Our Local Rules require any party objecting to a report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (holding that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general).

When plaintiffs proceed in forma pauperis, courts must dismiss the case if the plaintiff fails to state a claim on which relief may be granted. U.S.C. § 1915(e)(2). To state a claim, "a complaint must contain sufficient factual matter, accepted as true" to plausibly suggest that the plaintiff is entitled to the relief requested. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facts "merely consistent with" the defendant's liability suggest only possibility, not plausibility, and thus fail this test. *Id.* In assessing whether the complaint contains sufficient factual matter, courts need only accept factual allegations as true and not legal conclusions or unwarranted inferences. *Kottmayer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

## II.

Plaintiff alleges that in 2021, he offered his truck to the Michigan State Police in connection to a criminal investigation. The police called Defendant, a private towing company, to take the truck. After a few weeks, Plaintiff discovered his truck was held by the

Marquette County Prosecutor's Office. For about a year, the whereabouts of his truck were unknown to Plaintiff, as the police, the Marquette County Prosecutor's Office, and Defendant refused to provide him information despite his requests. But in March of 2023, Defendant told him "the truck was released" but that Plaintiff would have to pay $3,000 in "towing and storage fees." (ECF No. 1 at PageID.3). Plaintiff did not have the money, and in September of 2023, Defendant "got a salvage title and crushed [Plaintiff's] truck." (*Id.*).

This is not the first time Plaintiff has filed a complaint related to these events. *See Herman v. Sullivan*, No. 2:25-cv-68, 2025 WL 1737218 (W.D. Mich. Apr. 28, 2025), *adopted*, 2025 WL 1735308 (W.D. Mich. June 23, 2025). There, Plaintiff's claims against various governmental entities and government employees were dismissed for failure to state a claim. *Id.* at *5. It thus appears that there was a "final judgment on the merits of an action," and such a judgment "precludes parties or their privies from relitigating issues that were *or could have been* raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (emphasis added). True, Defendant here was not named then, but Plaintiff's claim could have been raised then. That would be sufficient reason to dismiss the complaint.

The R&R, though, did not raise claim preclusion, instead find that Plaintiff failed to plead sufficient facts to establish that Defendant engaged in state action. Plaintiff objects, citing cases finding that towing companies can engage in state action when they tow vehicles at the behest of the police, primarily *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007).[1] None of the cases Plaintiff cites are from the Sixth Circuit or district courts in this circuit.

[1] Plaintiff erroneously attributes *Smith* to the Sixth Circuit rather than the Eighth. (ECF No. 8 at PageID.26).

This is a problem for him, because "case law in this circuit indicates that towing companies are generally not state actors . . . even when those companies tow vehicles pursuant to government contracts or at the express request of the police." *Robertson v. Breakthrough Towing, LLC*, No. 19-10266, 2022 WL 4292314, at *7 (E.D. Mich. Sep. 16, 2022). The Sixth Circuit twice held that private towing companies were not state actors when they towed vehicles for police or other city employees, albeit in unpublished cases. *Partin v. Davis*, 675 F. App'x 575, 586-87 (6th Cir. 2017); *Nelson v. Scott*, No. 24-2095, 2025 WL 3846139, at *2 (6th Cir. Oct. 6, 2025). District courts in this circuit have also consistently found that private towing companies are not state actors, even when towing at police behest. *See, e.g.*, *Plummer v. Detroit Police Dep't*, No. 2:17-cv-10457, 2017 WL 1091260, at *3-4 (E.D. Mich. Mar. 23, 2017); *Banks v. Fedierspiel*, No. 5:10–CV–427–JBC, 2011 WL 1325046, at *5 (E.D. Ky. Apr. 1, 2011); *Griesser v. Pirkel's Towing Co.*, No. 1:06 CV 2904, 2007 WL 582386, at *2 (N.D. Ohio Feb. 20, 2007); *Bowersock v. City of Lima*, No. 3:07 CV 730, 2008 WL 1767083, at *3 (N.D. Ohio Apr. 16, 2008); *Lux Veritas E.E. Tr. v. Wayne Serv., Inc.*, 2:26-CV-11960-TGB-APP, 2026 WL 1975582, at *5-6 (E.D. Mich. July 8, 2026). The Court is thus persuaded that this conclusion, reflected in unpublished opinions from the Sixth Circuit and the consensus amongst the district courts of the circuit, best represents the law of this circuit.

The Court also finds that Plaintiff's lead case, *Smith*, is distinguishable. First, the Eighth Circuit there found that the towing company engaged in state action because "it was performing the traditional government function of seizing and securing property for a criminal investigation." 499 F.3d at 880. Here, though, Plaintiff voluntarily surrendered his

car; there was thus no "seizure." *See Herman*, 2025 WL 1737218, at *4 (citing *Fox v. Van Oosterum*, 176 F.3d 342, 351 (6th Cir. 1999)). Second, the towing company in *Smith* "had a monopoly on sheriff towing" at the time. 499 F.3d at 880. Plaintiff did not make any allegations about the nature of the relationship between Defendant and the police beyond the police's use of Defendant's services in this instance. While Plaintiff argues in his objections that Defendant was the "sole contracted vendor for this service," (ECF No. 8 at PageID.26), he did not make this, or any similar, allegation in his complaint, meaning it does not affect the analysis of whether he failed to state a claim in his pleading, *see Drane v. Catholic Charities W. Mich.*, No. 1:25-cv-1478, 2026 WL 759071, at *2 (W.D. Mich. Mar. 18, 2026) (explaining that objections to Magistrate Judge reports and recommendations may not add new factual allegations).

The Court recognizes that this conclusion may be frustrating for Plaintiff, but not every legitimate grievance is a constitutional one. As the Court explained previously, there may be—or at least, may have been—available state law remedies. *See Herman*, 2025 WL 1737218, at *4.

## III.

Plaintiff failed to reveal error on the Magistrate Judge's part, so the R&R (ECF No. 7) is **ADOPTED**. Plaintiff's complaint (ECF No. 1) is **DISMISSED**.

**IT IS SO ORDERED.**

Date: August 21, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge